OPINION
On September 10, 1996, Ruth Schroy died. Ms. Schroy had two natural daughters, appellees, Betsy Abshire and Barbara Tignor, and a step-daughter, appellant, Kathryn Schroy. Appellee Abshire was appointed administratix of the estate.
On February 26, 1997, appellant filed a complaint against appellees for writ of citation to produce will. Appellant claimed Ms. Schroy left a will naming her as a one-third beneficiary, and alleged appellees failed to produce the will. On March 4, 1997, appellees filed an answer claiming there was no will to produce.
Hearings were held on March 12 and April 24, 1997. In between these two hearings, appellant filed a motion to place rent payments due into an account for Ms. Schroy's estate or into escrow, and to remove appellee Abshire as adminstratix.
By opinion and entry filed June 6, 1997, the trial court found Ms. Schroy had indeed executed a will but destroyed it prior to her death. The trial court found a valid revocation and concluded Ms. Schroy died intestate. As a result, the trial court denied all of appellant's motions.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE DECISION OF THE LOWER COURT THAT RUTH M. SCHROY INTENDED TO DESTROY HER LAST WILL AND TESTAMENT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE PRESENTED.
II
 THE TRIAL COURT IMPROPERLY CONDUCTED A FULL ADVERSARIAL HEARING WHEN ONLY AN EX PARTE HEARING SHOULD HAVE BEEN PRESENTED.
III
 THE TRIAL COURT FAILED TO CONCLUDE FROM THE EVIDENCE SUBMITTED THAT THE APPELLEES ARE HOLDING THE PROCEEDS FROM THE SALE OF LLOYD'S HOME IN TRUST FOR APPELLANT KAY SCHROY.
 I, III
Appellant challenges the trial court's decision on two factual issues, the destruction of the will by Ms. Schroy and the creation of a trust for appellant from the proceeds of Ms. Schroy's home which had been left to Ms. Schroy by her husband, appellant's natural father, Lloyd Schroy. Appellant claims the trial court's decision was contrary to the evidence presented. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
Appellant argues there was ample evidence a third party destroyed the will after Ms. Schroy's death. In furtherance of this argument, appellant points to the fact Ms. Schroy had but one original will and no copies when she executed the will. Bainter depo. at 4. Therefore, appellee Abshire's testimony that she showed Ms. Schroy's will to Attorney Jeff Beam after having witnessed its destruction is suspect. Appellant also argues her relationship with Ms. Schroy had remained close and there would have been no cause to destroy the will. March 12, 1997 T. at 7, 12. Appellant points out neither appellee told anyone about the destruction of the will until after Ms. Schroy's death. April 24, 1997 T. at 6, 12, 27.
The burden of proof rests with the proponents of a will to establish by clear and convincing evidence the will was not revoked by the decedent:
 1. The standard of proof necessary to admit a lost, spoliated, or destroyed will to probate is clear and convincing evidence that the loss, spoliation, or destruction of the original will occurred subsequent to the death of the testator or before the death of the testator, but without his knowledge. (In re Estate of Tyler [1953], 159 Ohio St. 492, and Cole v. McClure [1913], 88 Ohio St. 1, followed.)
 In re Estate of Haynes (1986), 25 Ohio St.3d 101, paragraph one of the syllabus.
The evidence presented was based upon innuendo and speculation. Such statements as 1) a third party telling appellant's brother-in-law an attorney had told appellees to destroy the will (April 24, 1997 T. at 58), 2) appellee Abshire never telling appellant she had been disinherited (Id. at 45), 3) no one ever telling appellant and her relatives there was no will (Id. at 46, 65, 72) and 4) Ms. Schroy believing in lawyers and would have had a will (Id. at 61) do not overcome the direct evidence offered by appellees. There was direct evidence Ms. Schroy revoked the will after learning of her terminal illness just prior to her final hospitalization and death. March 12, 1997 T. at 45. Ms. Schroy had stated the will was "no good" or "isn't right." Id. Such a statement was consistent with the sale of Ms. Schroy's home which was the subject of the specific bequest to appellant. There was other evidence Ms. Schroy had taken special care of appellant and had done monetary things for appellant during her lifetime. Id. at 7. Furthermore, at the time the will was revoked, Ms. Schroy gave specific instructions on the distribution of personal items to her husband's children. April 24, 1997 T. at 38.
Based upon the evidence presented, we find the trial court did not err in finding a revocation of the will and in failing to find the creation of a trust.
Assignments of Error I and III are denied.
 II
Appellant claims the trial court erred in permitting cross-examination during the hearings. We disagree.
In the Haynes case at 104, footnote 1, the Supreme Court of Ohio held as follows:
 We acknowledge that the Staff Note to Evid.R. 101(C)(7) indicates that a probate proceeding may become adversarial when a dispute over the admissibility of a will occurs and in that instance the Rules of Evidence should apply to the proceeding. Even if we were to hold the Rules of Evidence applicable in the present case, the prior out-of-court statements made by Phillip Ashley Haynes would be admissible as an admission by a party opponent, Evid.R. 801(D)(2).
Pursuant to Evid.R. 611(A), the trial court has the discretion to set the tone and the nature of the proceeding:
 (B) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
After an examination of the record, we find the cross-examination was in conformity with the "presentation effective for the ascertainment of the truth."
Assignment of Error II is denied.
The judgment of the Court of common Pleas of Muskingum County, Ohio, Probate Division is affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Probate Division is affirmed.